UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JUDITH RODRIGUEZ and MARYANN RIEDEL,
on behalf of themselves and others
similarly-situated,

                            Plaintiffs,

                   -against-

HANESBRANDS INC.,

                            Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**
17-CV-1612 (DLI)(RLM)

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiffs Judith Rodriguez and Maryann Riedel ("Plaintiffs") brought this action, on behalf of themselves and others similarly situated, against Hanesbrands Inc. ("Defendant"). (*See generally* Amended Complaint ("Am. Compl."), Dkt. Entry No. 14.) Plaintiffs assert claims for violations of New York General Business Law ("GBL") §§ 349 and 350, the consumer protection laws of the other forty-nine states and the District of Columbia, and common law fraud, seeking damages and injunctive relief, in connection with their purchase of Defendant's hosiery, which was marketed and labeled as "run resistant." (*Id.*)

Defendant moved to dismiss the Amended Complaint on August 7, 2017. (*See* Def.'s Mot. to Dismiss, Dkt. Entry No. 15; Def.'s Memorandum in Supp. of Mot. to Dismiss ("Mot."), Dkt. Entry No. 16.) The motion requests that the Court dismiss the common law fraud and GBL claims, but does not address the consumer protection law claims of the other forty-nine states and the District of Columbia. Plaintiffs opposed the motion. (*See* Pl.'s Memorandum in Opp'n to Mot. to Dismiss ("Opp'n"), Dkt. Entry No. 17.) Defendant replied. (*See* Reply in Supp. of Mot. to Dismiss ("Reply"), Dkt. Entry No. 19.)

On October 16, 2017, the Court referred Defendant's motion to dismiss to the Honorable Roanne L. Mann, Chief U.S. Magistrate Judge, for a Report and Recommendation ("R&R"). Chief Magistrate Judge Mann issued her thorough and well reasoned R&R on February 20, 2018. (*See generally* R&R, Dkt. Entry No. 20.) The magistrate judge recommended that Defendant's motion to dismiss be granted as to the common law fraud claim and the request for injunctive relief, and denied as to the GBL §§ 349 and 350 claims. (R&R at 21-22.) Defendant timely objected to the portion of the R&R recommending that Defendant's motion to dismiss the GBL §§ 349 and 350 claims be denied. (*See* Objection to R&R ("Objs."), Dkt. Entry No. 22.) Plaintiffs opposed Defendant's objections. (*See* Letter Responding to Defendant's Objections to Magistrate's Recommendations ("Opp'n to Objs"), Dkt. Entry No. 23.)

For the reasons set forth below, Defendant's objections are overruled, and the R&R is adopted in its entirety.

## DISCUSSION[1]

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which the party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal

---

[1]  The Court assumes the parties' familiarity with the facts as set out in the R&R. (*See* R&R at 2-3.)

2

citations and quotation marks omitted).  On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted).  After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  Where a party does not object to a portion of the R&R, the court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen Corp.*, 967 F. Supp.2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)).

**A.    Plaintiffs' Common Law Fraud Claims**

As noted above, neither Plaintiffs nor Defendant objected to the magistrate judge's recommendation that the motion to dismiss the common law fraud claim and request for injunctive relief be granted.  (*See* Objs. at 1.)  Upon due consideration and review, and finding no clear error, that portion of the R&R is adopted in its entirety.

**B.    Plaintiffs' GBL §§ 349 and 350 Claims**

In its objections, Defendant largely rehashes its motion to dismiss arguments, taking issue with those portions of the R&R that do not adopt its reasoning.  Defendant objects that the magistrate judge:  (1) did not "focus[] on whether Plaintiffs adequately alleged facts to suggest that 'run resistant' was deceptive or misleading"; (2) should have ignored Amazon users'

3

complaints at this stage in the litigation; (3) "was wrong to reject dismissal on the basis that 'courts have generally held that such a reasonableness inquiry is an issue of fact for the jury and should not be resolved on a motion to dismiss'"; and (4) "assumes that Hanesbrands represented that its run-resistant products are more run resistant that comparable products in all situations." (Objs. at 4, 6.)

As an initial matter, the Court disagrees with Defendant's contention that it must conduct a *de novo* review of Defendant's motion to dismiss with respect to the portions of the R&R to which it objects, as those objections largely restate its arguments from its original motion papers. Defendant is not entitled to two bites at the apple. *See Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at *2 (E.D.N.Y. Sept. 26, 2016) (quoting *Pinkey v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("[O]bjections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party can be allowed a second bite at the apple by simply relitigating a prior argument.")). However, even under the stricter *de novo* review, Defendant's arguments fail.

The magistrate judge did not fail to "focus[] on whether Plaintiffs adequately alleged facts to suggest that 'run resistant' was deceptive or misleading." (Objs. at 4.) Rather, she explained that "the gravamen of [Plaintiffs'] case is the deceptiveness of defendant's representation that its Products are 'run resistant.'" (R&R at 5.)

This Court agrees that Plaintiffs adequately alleged facts to support their position. Plaintiffs allege that Rodriguez experienced holes and runs in her hosiery after three "normal, everyday" wearings. (Am. Compl. ¶ 13.) Plaintiffs allege that the "run resistant" labeling misled Rodriguez to believe that Defendant's hosiery would "last longer and not rip or run as easily as her regular tights and socks that were not advertised as 'run resistant.'" (*Id.*) Similarly, Plaintiffs

4

allege that Riedel suffered holes and runs in her hosiery after one week of wear "in normal, everyday situations," even though she expected the hosiery "to last longer and not rip or run as easily as her regular tights and socks." (*Id.* ¶ 16.)

In further support of their allegations, Plaintiffs provide reviews by verified consumers on Amazon.com, in which purchasers expressed dissatisfaction with how easily their new "run resistant" hosiery tore. (*Id.* ¶ 29-30, Ex. A.) The magistrate judge did not rely exclusively on these reviews, but rather appropriately noted them, in concluding that Defendant's motion should be denied as to the GBL §§ 349 and 350 claims. The R&R states that, "whether a reasonable consumer would be deceived into believing that the Products would last longer than non-run resistant hosiery is informed by anecdotal evidence of consumers' experience with the Products, to wit, the Amazon.com reviews cited in the Amended Complaint." (R&R at 8.) The R&R cites a Northern District of California case in which the court cited the complaint's references to Amazon.com reviews to show consumers' expectations and assumptions in denying a motion to dismiss an unfair competition claim. *See Long v. Graco Children's Prods, Inc.,* 2013 WL 4655763, at *8 (N.D. Cal. Aug. 26, 2013).

Other courts, including courts in this district, have considered Amazon.com reviews in order to gauge the perspective of a reasonable consumer. *See CJ Prod. LLC v. Snuggly Plushez LLC,* 809 F. Supp.2d 127, 155 (E.D.N.Y. 2011) (considering Amazon.com reviews in assessing the likelihood of consumer confusion pursuant to the Lanham Act and granting a preliminary injunction); *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.,* 2014 WL 12778832, at *6, n.23 (S.D.N.Y. Sept. 19, 2014) (citing Amazon.com reviews, while stating "[t]o the extent online retailers' customer ratings are probative of consumer preferences, I note—although I do not rely on material outside the record in reaching my conclusions—that initial consumer response to

5

the [product] hardly appears overwhelmingly positive); *Moroccanoil, Inc. v. Perfumes World Com, Inc.,* 234 F. Supp.3d 1026, 1032 (C.D. Cal. 2017) (looking to Amazon.com reviews for "verbatim comments of consumers who purchased similar Non–U.S. Moroccanoil products are indicative of actual confusion arising from the Perfumes World Treatments, and this factor favors Moroccanoil, Inc."); *L'Oreal USA Creative, Inc. v. Maggy Tsui,* 2016 WL 9275404, at *4 (C.D. Cal. Dec. 22, 2016) (considering Amazon.com reviews to evaluate actual confusion for a preliminary injunction).

This Court agrees with the aforementioned courts, and finds that a court appropriately may consider verified consumer reviews, like those found on Amazon.com, in assessing a reasonable consumer's expectations of a product at the motion to dismiss stage. As the Supreme Court has stated:

> the Amazon site facilitates the social introduction of people for the purpose of information exchanges. When someone purchases a product on Amazon, the purchaser can review the product and upload photographs, and other buyers can then respond to the review. . . It is the equivalent of passengers on a bus comparing notes about products they have purchased.

*Packingham v. North Carolina,* 137 S. Ct. 1730, 1741 (2017). When a plaintiff alleges what the metaphorical "passengers on a bus" think of products that they have purchased, plaintiff, in effect, has alleged the expectations of a reasonable consumer.

Next, Defendant asserts that the magistrate judge "was wrong to reject dismissal on the basis that 'courts have generally held that such a reasonableness inquiry is an issue of fact for the jury and should not be resolved on a motion to dismiss," because the Second Circuit has held that "a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." (Objs. at 6-7, citing *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013.)

6

The magistrate judge did not overlook the holding in *Fink*, but rather distinguished *Fink*, because plaintiffs there failed to submit the offending advertisement, without which their claims lacked facial plausibility. (R&R at 7.) Here, the Court cannot determine as a matter of law that Defendant's advertisements would not have misled a reasonable consumer because Plaintiffs have alleged sufficiently that statements such as "Now you can enjoy beautifully sheer hosiery longer – with hosiery that resists runs" and "Innovative technology makes the hosiery less prone to runs" misled the reasonable consumer into believing that Defendant's product would be more "run resistant" than any other non-run resistant hosiery. (*See* Am Compl. ¶¶ 20, 26; R&R at 2-3.)

Lastly, Defendant objects to the R&R for "assum[ing] that Hanesbrands represented that its run-resistant products are more run resistant than comparable products in all situations." (Objs. at 4.) The magistrate judge made no such assumption. The R&R states, "[c]ontrary to defendant's argument, there is no requirement at the pleading stage that plaintiffs allege that defendant's hosiery was 'subject to exactly the same forces' and used 'under the same conditions' as non-run-resistant hosiery – as would be the case in a controlled scientific study offered as evidence at a later stage of the litigation." (R&R at 9.)

This Court agrees. Unraveling the precise definition of "run resistant" is premature. Accordingly, the Court does not take a position on whether Defendant "represented that its run-resistant products are more run resistant than comparable products in all situations." The only question before the Court at this juncture is whether Plaintiffs adequately alleged that: (1) Defendant's marketing and labeling of run resistant hosiery was directed at consumers; (2) the marketing and labeling was misleading in a material way; and (3) Plaintiffs have been injured as a result. *See Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). Put more simply, did Plaintiffs allege that Defendant's advertisements were likely to mislead a reasonable consumer

7

acting reasonably under the circumstances? *Id.* As discussed above and in the R&R, Plaintiffs met their burden.

## **CONCLUSION**

Upon due consideration and review, for the reasons discussed above, Defendant's objections to the R&R are overruled and the recommendations contained in the R&R are adopted in their entirety. Accordingly, Defendant's motion to dismiss is granted as to the common law fraud claim and the request for injunctive relief, and denied as to Plaintiffs' GBL §§ 349 and 350 claims.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge